IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


D.J. SIMMONS, INC.,

                    Plaintiff,

          vs.                                                No. CIV 99-1105 JP/LFG

F. BRIAN BROADDUS and
B/R ENERGY PARTNERS, INC.,

                    Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL**

THIS MATTER comes before the Court on D.J. Simmons, Inc.'s ("Simmons") Second
Motion to Compel Production of Documents and Answers to Interrogatories [Doc. 102]. Defendants
F. Brian Broaddus ("Broaddus") and B/R Energy Partners, Inc. ("B/REP") filed a response, and
Simmons replied, all on May 8, 2001 pursuant to the motion package rule.  No oral argument is
necessary; this motion may be decided on the briefs.  For the reasons given below, the motion is
granted in part and denied in part.

Discovery in this case has proceeded at a snail's pace. Merits discovery was postponed
temporarily while the parties and the Court addressed the issue of personal jurisdiction over
Defendant Broaddus.  That issue was resolved on July 27, 2000, when the District Court adopted the
Magistrate Judge's finding that Broaddus effectively waived the defense of lack of personal
jurisdiction by engaging in obstructive tactics and impeding discovery into information relevant to

personal jurisdiction.  [Doc. 82].  Thereafter, discovery was allowed to proceed on the merits, with

a cutoff date of April 23, 2001 [Doc. 86], later extended to June 19, 2001 [Doc. 99].

On February 2, 2001, Simmons served the following discovery requests:  Requests for

Production of Documents directed to both Defendants, Interrogatories directed to B/REP, and a

separate set of Interrogatories directed to Broaddus.  (Doc. 104, Exs. A,B,C).  Responses to all three

sets of discovery requests were served on Simmons on March 7, 2001 (Doc. 104, Exs. E,F,G).

Simmons contends that many of the responses are inadequate under the Rules of Civil Procedure and

now seeks a Court order directing Defendants to respond more fully.

### General Objections

Simmons' first complaint about the responses concerns both Defendants' use of general

objections in prefatory sections of their responses.  Simmons asserts that these general objections are

an attempt by Defendants to circumvent their discovery obligations.  The Court agrees and holds that

the prefatory general objections set forth in all three discovery responses are legally ineffective and

do nothing to lessen Defendants' duty to respond fully to the requests.

In response to the Requests for Production, Defendants begin with a section labeled "General

Objections," which reads as follows:

>    1.  Defendants object generally to the instructions, definitions and
> discovery requests to the extent they seek information not subject to
> discovery under the Federal Rules of Civil Procedure or information
> protected by the attorney-client privilege, the work product doctrine
> and/or any other applicable privilege.  Thus, to the extent possible,
> Defendants will construe each request as requesting only information
> not subject to any applicable privilege or immunity.

>    2.  All answers or other responses set forth below are subject to and
> without waiver of any of the objections set forth in Defendants'
> responses, their general objections and to the other more specific

objections set forth below.  Defendants will not in every instance repeat or specifically incorporate these objections although they are intended to apply throughout.

   3.  When Defendants state that their response is subject to and without waiver of an objection, that means that a reasonable effort will be made to understand and respond to the request by providing relevant non-privileged information.

   4.  Defendants' response to any of these interrogatories does not constitute a waiver of any right to object to any future, additional or supplemental interrogatories covering the same or similar subject matter.

[Doc. 104, Ex. E at 1-2].  B/REP's and Broaddus' responses to Simmons' Interrogatories contain almost identical caveats under the heading of "General Objections."  [Doc. 104, Ex. F at 1-2; Ex. G at 1-2].  These preliminary general objections violate the standards of discovery practice under the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 34, dealing with Requests for Production, requires that the party upon whom Requests are served must respond within 30 days, and:

The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

 Fed. R. Civ. P. 34(b).

Responses to Interrogatories are also due 30 days after service, and:

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the

3

> interrogatory is not objectionable . . .  All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown . . .  The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

Fed. R. Civ. P. 33(b)(1),(3),(4),(5).

Defendants' general preliminary objections to the discovery requests, to the effect that they will "construe" each request or interrogatory "as requesting only information not subject to any applicable privilege or immunity," and that all answers and responses are "subject to and without waiver of" the previously announced general objections, including objections based on privilege, are legal nullities.  Defendants may not dictate the terms upon which they will respond nor recast Simmons' discovery requests so as to limit the information Defendant would prefer to produce.  "A responding party cannot unilaterally impose conditions upon compliance with a discovery request." Gray v. Faulkner,  148 F.R.D. 220, 222 (N.D. Ind. 1992).

Rule 34, noted above, provides that responses to Requests for Production must state, *with respect to each item or category*, that inspection will be allowed or an objection given, with grounds stated therefor.  Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 541 (10th Cir. 1984).  A general objection which does not identify the documents to be withheld but states merely that the responding party objects to the production of any documents which are subject to certain privileges, is "entirely inadequate."  Id.; W.R. Grace & Co. v. Pullman, Inc., 446 F. Supp. 771, 774-75 (W.D. Okla. 1976)  (a "conditional" response to a Request for Production, which attempts to reserve a right to later assert a privilege, is a "legal nullity").

A response which merely states that the responding party will produce documents that it

considers "responsive" and "relevant" is also inadequate; rather, the response "must clearly set forth
the specifics of the objection and how that objection relates to the documents being demanded . . .
The burden is on the party resisting discovery to clarify and explain precisely why its objections are
proper given the broad and liberal construction of the discovery rules found in the Federal Rules of
Civil Procedure." Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). And when
privilege is asserted as a ground for resisting a discovery request, the Rules require that the
documents or conversations which are allegedly privileged be specifically identified:

> Whether a responding party states a general objection to an entire
> discovery document on the basis of privilege, or generally asserts a
> privilege objection within an individual discovery response, the
> resulting 'blanket objection' is decidedly improper. This fact should
> no longer be 'news' to a responding party . . . The purpose of the
> specific objection requirement is to provide the party seeking
> discovery with a basis for determining what documents the party
> asserting the privilege withheld. Otherwise, how could this opposing
> party ever know whether the documents withheld under a blanket
> privilege objection were withheld correctly, incorrectly, or
> maliciously?

Eureka Fin. Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182-83 (E.D. Cal. 1991).

Rule 33 requires that each Interrogatory be answered separately and fully, unless objections
are interposed and the reasons therefor stated with specificity. "A unilateral declaration that no
objections are waived will not be allowed to displace the command of Rule 33 that the party either
answer fully or object." Dollar v. Long Mfg., 561 F.2d 613, 617 (5th Cir. 1977). Where defendants
have not objected to a specific interrogatory or class of interrogatories which they have specifically
identified, "but have contented themselves with interposing objections based upon general principles,
imposing upon the Court the task of selecting . . . those particular interrogatories to which the general
objections interposed by defendants may be applicable," the response is improper. United States v.

5

Nysco Labs., Inc., 26 F.R.D. 159, 161 (E.D.N.Y. 1960).

So, too, here.  Defendants' statements that they "object generally" to the discovery requests to the extent the requests seek information which is "not subject to discovery" or protected by a privilege, are insufficient to preserve objections to particular discovery requests.   Similarly, Defendants' statements that they will "construe each request as requesting only information not subject to any applicable privilege or immunity" are likewise ineffective.  A party simply enjoys no privilege to unilaterally decide what will or will not be answered by the use of broad, sweeping "general objections."   Only specific objections to particular requests, stating grounds therefor, will be considered, and if objections are not clearly stated with respect to individual requests, the objections are waived. *See*, Peat, Marwick, *supra*, at 542 (failure to comply with Rule 34 constitutes a waiver of any objection); Dollar v. Long, *supra*, at 617 (an evasive or incomplete answer is the equivalent of a failure to object, and "[b]y failing to object, defendant waived any objections it might have had"); Eureka Fin. Corp., *supra*, at 185 ("Hartford failed to comply with a well settled requirement of specifically identifying the evidence to which a privilege applies ... Given the fact that a waiver may be effected by implication, the court finds that Hartford has waived the attorney-client and work product privileges as to all documents"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 586-87 (C.D. Cal. 1999) ("the responding party is obligated to respond in a specific, affirmative manner ... Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

The Court will address the issue of waiver in its consideration of specific discovery requests, as discussed below.

## **Specific Objections to The Requests For Production**

Requests 1A, 2A, 3, 4A, 4B, 5, 6A, 7, 9, 10A, 43, 44, 47, 50, 54, 57, 58:

In response to these Requests, Defendants state that they will "produce any relevant, non-privileged documents in their possession responsive to this request subject to their General Objections and subject to an appropriate protective order, at the law office of Shook & Downes, P.L.L.C., 2727 East 21st Street, Suite 310, Tulsa, Oklahoma 74114, upon reasonable notification of date and time."

Simmons contends these responses are inadequate, because Defendants do not specify any particular document which is being withheld, nor do they state any grounds for such withholding. This contention is well taken. If Defendants intended to prevent Simmons from inspecting particular documents contained within these Requests, they have not done so in accordance with the requirements of the Rule. Furthermore, Simmons contends, and Defendants do not dispute, that no documents whatsoever have been produced to date, because of the following sequence of events.

Simmons states in its Memorandum in support of this motion that, shortly after receiving Defendants' responses, its attorney telephoned Defendants' counsel to arrange for inspection and copying in Tulsa, Oklahoma, as stated in the responses. Defendants' attorney said in that conversation that, in spite of the statement made in the response, there would be no need for Simmons' attorneys or representatives to come to Tulsa, as Defendants would mail the responsive documents to Simmons' counsel in Dallas, Texas, subject to a confidentiality agreement meant to protect any proprietary information which the documents might contain. Simmons then asked that Defendants' counsel draft a proposed confidentiality agreement and send it to Simmons' attorneys for review. The proposed confidentiality agreement was not acceptable to Simmons; for this and other reasons, Simmons did not sign the agreement and so notified Defendants. Defendants

thereupon agreed to provide a revised confidentiality agreement, by letter dated April 4, 2001 [Doc. 103, Ex. K].  Simmons asserts, and Defendants do not contest, that Defendants have supplied neither the revised agreement nor any of the documents requested, although the responses were due early last March.  This inaction brought the discovery process to a halt.

Defendants' statement that they would disclose "any relevant, non-privileged documents in their possession" at their attorneys' Tulsa office, subject to "an appropriate protective order" and subject to their "General Objections," is not an appropriate response to a Request for Production.  A response which states only that the defendant will produce for the plaintiff documents that it considers "responsive" and "relevant" does not comply with the Rules.  Obiajula, *supra*, at 295 ("An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded").  In addition, Defendants do not identify the documents for which they mean to assert a claim of privilege, nor do they state the grounds for such an assertion, as required by Rule 34.  They also state they will turn over any document "in their possession."  Again, this is inadequate, as Defendants are required to disclose documents not just in their possession, but in their custody or control as well.  Fed. R. Civ. P. 34(a).

The statement that the documents will be made available at counsel's office in Tulsa is not in itself unresponsive or objectionable.  However, Defendants did not make the documents available, as agreed; instead, they drafted a confidentiality agreement which Simmons rejected, and they thereafter failed either to submit a revised agreement, as they said they would, or to apply to the court for a protective order as required by Fed. R. Civ. P. 26(c).  Instead, they simply failed to provide the discovery.  This is impermissible.  Using this artifice, Defendants simply sidestepped their obligations under Rule 34 to provide documents or alternatively, to state specific objections.  Finally, Defendants

state in their responses that the discovery is subject to the general objections with which they prefaced their overall responses.  As noted above, this sort of general objection is without legal effect.

An evasive or incomplete response to a discovery request is equivalent to no response at all, Fed. R. Civ. P. 37(a)(3), and a responding party waives all objections to such requests if he does not assert them in the manner required by the Rules of Civil Procedure.  Peat, Marwick, *supra*.  Such is the case here.  The Court finds that Defendants waived their objections to Simmons' Request for Production 1A, and Defendants will be ordered to respond fully to this Request by designating an appropriate time and place for discovery, without conditions, of all documents described in this Request.  The Court recognizes a limited interest in confidentiality, in spite of the fact that B/REP is a dissolved corporation and, because the parties have been unable to agree on an appropriate confidentiality order and because this inability has once again delayed discovery in this case, the Court will fashion a confidentiality order, with which all parties will be expected to comply.

Request 2B:

In this Request, Simmons seeks documents concerning the financial statements of Defendant Broaddus from December 1995 to the present.  Defendants object on grounds the Request is "overly broad, seeks information that is not relevant to the claims and defenses in dispute in this lawsuit and otherwise seeks information that is confidential. Further, the interrogatory is not reasonably calculated to lead to the discovery of any admissible evidence."  Simmons counters that the request is relevant to issues of piercing the corporate veil and punitive damages.

The Court agrees that the information is relevant.  However, even if it were not, Defendants have waived their objection by using "pat, generic, non-specific objections, intoning . . . boilerplate language" without any specifics as to how the objection relates to the specific documents being

demanded.  Obiajulu, at 295.  This approach is impermissible and obstructive; it thwarts the legitimate discovery process, increases costs of litigation, and promotes delay.  Even if Defendants had legitimate objections based on overbreadth, irrelevance, or confidentiality, they waived those objections by raising them in this vague and unhelpful manner, in violation of their discovery obligations under the Rules.  As the Tenth Circuit noted in Peat, Marwick, *supra*, at 542:

> A party seeking to assert the privilege must make a clear showing that it applies.  Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made.  Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such  a showing had not been made when the trial court was called upon to make its ruling defeats the privilege.

The same principle applies to objections based on relevance and confidentiality.  An objection based on overbreadth must specify the portion of the materials to which the objection is directed,  and state that inspection will be permitted with respect to the remainder.  Defendants did not make the specific objections required by the Rules, and the Court finds that Defendants have therefore waived their objections.  The Court might be more willing to give Defendants some leeway in this regard if their past behavior in the discovery process had been more in keeping with the spirit of the Rules and less devoted to foot dragging and gamesmanship.  Defendants will be ordered to respond fully to this Request by designating an appropriate time and place for discovery, without conditions, of all documents described in the Request.

Requests 42, 46, 55, 56:

The above Requests, which also seek information related to Broaddus' financial records, must be satisfied in the same manner as Request 2B, to the extent that they are not redundant.

10

<u>Requests 6B, 10B, 11B, 14A, 14B, 15A, 15B, 16A, 16B, 17A, 17B, 18A, 18B, 18C, 18D, 19, 26A, 26B, 27, 28A, 28B, 29, 32A, 32B, 33, 38, 42, 46, 49, 51, 52, 53</u>:

Defendants' responses to the above Requests are identical to their response to Request 2B. For the reasons noted above in connection with that Request, Defendants will be ordered to respond fully to these Requests, by designating an appropriate time and place for discovery, without conditions, of all documents described in these Requests.

### Specific Objections to The B/REP Interrogatories

<u>Interrogatory 2</u>:

In this Interrogatory, Simmons asks B/REP to identify certain charges for liquid gas components, and other information.  B/REP supplied an answer to this question.  Simmons contends that the "response was pursuant to Fed. R. Civ. P. 33(d)" and refers to documents to be produced in response to the Requests for Production.  However, the response given did not refer to Rule 33(d), and Simmons' motion to compel an answer to this Interrogatory is denied.

<u>Interrogatory 4</u>:

In this Interrogatory, Simmons asks that B/REP identify the source documents and work papers upon which it calculated liquid shrinkage and credits and cuts of liquids extracted from the gas delivered by Simmons under the gas contracts identified in the complaint, as well as the quantity and percentage of shrinkage of liquids from processing the gas each month from December 1, 1996 to January 1, 1999 at the two plants mentioned in the Complaint, and the quantity and percentage of liquid credits or cuts which B/REP's processor or purchaser took from the liquids as its compensation for processing the gas at these two plants.

B/REP responded that liquid shrinkage and credits were already accounted for pursuant to

11

the contracts identified in the Complaint, and that "cuts of liquids" is a term of art employed by Simmons and has no meaning to B/REP. Simmons complains that this answer is non-responsive and evasive. The Court agrees. This information is relevant; indeed, it goes to the heart of Simmons' cause of action. B/REP will be ordered to respond fully to this Interrogatory, going beyond mere reference to previous accountings of liquid shrinkage and credits which may have been done pursuant to the contracts. As ordered below, Simmons will supply B/REP with a complete definition of the term "cuts of liquids" as used in Interrogatory 4, and B/REP will respond to this Interrogatory within the time and in the manner as stated in the Order.

Interrogatory 7:

In this Interrogatory, Simmons requested information on all payments and distributions which B/REP made to Broaddus, to any company owned or controlled by Broaddus, and to anyone else for Broaddus' personal benefit and at his direction, between December 1, 1995 and the present. B/REP responded by citing Fed. R. Civ. P. 33(d) and referring to its response to Request for Production 6A. Simmons complains that a reference to this response is unhelpful, since B/REP has failed to produce any documents in response to Request 6A.

Rule 33(d) permits the responding party to answer an Interrogatory by specifying the specific business records from which the answer may be derived, and to afford the requesting party an opportunity to inspect the records and make copies. B/REP's reference to its answer to Request 6A does not satisfy this rule, as B/REP has produced nothing at all in response to that Request for Production. B/REP will be therefore ordered to respond fully to this Interrogatory.

Interrogatory 8:

In Interrogatory 8, Simmons asks B/REP to "identify the gas contracts and liquid contracts

12

and all persons who participated in the negotiations of any such contracts whereby B/R Energy Partners, Inc. and/or B/R Energy sold the gas and/or liquids which it purchased from Simmons" under the contracts described in the complaint.  B/REP responded with the general objection that the interrogatory is overly broad, seeks irrelevant and confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Simmons acknowledges that this request concerns B/REP's sale of natural gas and liquid components to companies who are not parties to the Simmons - B/REP contracts but argues that Simmons' natural gas and liquid components were mixed with the natural gas produced by other companies, "and it is necessary to know the total sums of the sales to determine appropriate allocations to Simmons gas.  The requests for such documents are clearly designed to determine the amount that was attributable to Simmons and for no other purpose."  In its memorandum in response to the motion to compel, B/REP argues that the terms of contracts between B/REP and third-party purchasers is not relevant to the issues in this case, and that the only relevant inquiry, in light of Simmons' claim that B/REP underpaid it for its natural gas production, would be a comparison of the contract price negotiated between B/REP and Simmons, and the price actually paid.

Although, as noted above, B/REP's generalized boilerplate objection to this Interrogatory constitutes a waiver of the objection, the Court agrees with Simmons' argument that the information sought in this Interrogatory is relevant and necessary to Simmons' preparation of its case.  Simmons contends that the contracts and other information concerning the "downstream market," *i.e.*, the contract relationships between B/REP and purchasers of gas products, may reveal that the downstream purchasers were actually taking  a "liquid cut" rather than charging a fee.  Because B/REP represented to Simmons that it was passing along these fees, when perhaps there were no fees

13

charged and instead the downstream purchasers were taking a portion of the liquids attributable to Simmons' interest, the contracts and arrangements between B/REP and downstream purchasers is relevant and necessary to a proper accounting.

      The Court agrees with Simmons that the information sought is relevant to the claims at issue in this lawsuit and may well lead to the discovery of admissible evidence.  Although B/REP claims the information is "confidential," Fed. R. Civ. P. 26(c)(7) requires that a party asserting business confidentiality as a reason for refusing to answer discovery requests must move for a protective order.  There is no absolute protection from discovery of trade secrets or confidential business information.  Federal Open Market Comm. v. Merrill, 443 U.S. 340, 362, 99 S. Ct. 2800, 2813 (1979).  Rather, "[t]he claim of irreparable competitive injury must be balanced against the need for the information in the preparation of the [case]." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993,  999 (10th Cir. 1965), *implicitly overruled on other grounds as stated in* FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985).  The party resisting discovery under Rule 26(c)(7) must first establish that the information sought comes within the protection of the Rule, in that it is a "trade secret" or "other confidential commercial information," and that its disclosure might be harmful; once these requirements are met, the burden shifts to the party seeking discovery to show that disclosure of the information is relevant and necessary to the action.  Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981).  It is within the sound discretion of the Court to determine whether the materials are relevant and necessary, whether the claim of injury outweighs the need for the information and, if disclosure of the materials is ordered, to decide "the appropriate safeguards that should attend their disclosure." Centurion, at 326.

      B/REP has not made an adequate showing that disclosure of the information requested in

Interrogatory 8 would be harmful to its business interests, particularly in light of the fact that B/REP is a dissolved corporation. Even if it had made such a showing, the Court finds that the information is relevant and necessary to the action, as discussed above, and that the balance weighs in favor of disclosure, under a confidentiality order, as the best way to protect the interests of all parties.

**Specific Objections to the Broaddus Interrogatories**

Interrogatories 2, 4, and 7:

In Interrogatory 2, Simmons asked Broaddus to set forth all payments and distributions from B/REP to Broaddus from December 1, 1995 to the present, and to supply documentation of such payments. In Interrogatory 4, Simmons asked for all payments and distributions from B/REP to others for the personal benefit of Broaddus from December 1, 1995 to the present, and to supply documentation. In Interrogatory 7, Simmons asked Broaddus to identify all transfers and distributions of assets from B/REP to Broaddus from December 1, 1995 to present, along with documentation. Broaddus responded to each of these Interrogatories by citing Fed. R. Civ. P. 33(d) and referring Simmons to Defendants' Response to Request for Production 6A. As noted above, the reference to Defendants' response to Request 6A is entirely inadequate, as nothing at all has been produced in response to that Request for Production.

The Court notes also that Broaddus' statement that he is "in the process of gathering and preparing documents for production as stated in this discovery responses" demonstrates his cavalier attitude toward his discovery responsibilities. The time when Broaddus should have been "in the process of gathering" documents was during the thirty day period following service of Simmons' Requests for Production on February 2, 2001, not two months after disclosure was due. Broaddus' response to Interrogatories 2, 4, and 7 violates the letter and spirit of the discovery rules, and

Broaddus will be ordered to respond fully to these Interrogatories.

Interrogatory 5:

As Broaddus points out in his memorandum brief, this Interrogatory is identical to Interrogatory 8 directed to B/REP.  For the reasons given above in the discussion of B/REP Interrogatory 8, Broaddus will be ordered to respond fully to this Interrogatory.

Interrogatory 6:

The Court finds that this Interrogatory is duplicative of Interrogatory 5 directed to Broaddus, and he need not answer it.

### Expenses and Attorney Fees

Fed. R. Civ. P. 37(a)(4) provides that, if a motion to compel discovery is granted, the Court shall require the party whose conduct necessitated the motion to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees.

The Court finds that Plaintiff made a good faith effort to obtain the discovery without Court action, and that Defendants' nondisclosure and objections were not substantially justified.  Because this motion is granted in substantial part, and in light of Defendants' continuing pattern of unjustified resistance to Simmons' discovery requests, an award of expenses and attorney fees to Simmons is appropriate, in an amount not to exceed the fees awarded by prior order [*see* Doc. 88].[1]

### Extension of Time for Discovery

By letter request, the parties jointly ask for an extension of 180 days to complete discovery, due to problems getting information to their experts so they can complete their reports.  In light of

---

[1]This is not to say that fees equal to the prior award are appropriate for this motion, but certainly the expenses and fees for this motion should not exceed the prior award.

the delays already occasioned in this case, the Court finds that an extension of no more than 90 days

is appropriate.

Thus, new case management deadlines are as follows:

| | |
|---|---|
| Termination for discovery | September 17, 2001 |
| Motions packages relating to discovery filed by | October 26, 2001 |
| Plaintiff shall identify in writing any expert<br>   witness & submit Rule 26 report by | July 20, 2001 |
| Defendant shall identify in writing any expert<br>   witness & submit Rule 26 report by | August 20, 2001 |
| Pretrial motions packages, other than discovery<br>   motions, shall be filed with the Court no later than | November 16, 2001 |

Pretrial Order:
   Plaintiff's portion to Defendants                December 17, 2001
   Defendant to the Court on or before             January 4, 2002

Due to the extension of the pretrial deadlines, and with the concurrence of the trial judge,

the October 11, 2001 pretrial conference and November 13, 2001 trial dates are vacated and will be

rescheduled at a later date.

### Order

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Production of

Documents and Answers to Interrogatories [Doc. 102] is granted, except where noted below:

> 1. Within 7 days of this Order, Defendants must designate an appropriate time and place for Simmons' inspection, without conditions other than the confidentiality restrictions set forth below, of all documents described in Plaintiff's Request for Production of Documents;

> 2. B/REP need not answer Interrogatory 2;

3.   Within 7 days of this Order, Simmons will supply B/REP with its definition of "cuts of liquids" as used in Interrogatory 4 directed to B/REP, and 7 days after service of the definition, B/REP will respond fully to this Interrogatory, without reference to any previous accounting of liquid shrinkage and credits which may have been done pursuant to the contracts at issue herein;

4.   Within 14 days of this Order, B/REP shall respond fully to Interrogatories 7 and 8;

5.   Within 14 days of this Order, Broaddus shall respond fully to Interrogatories 2, 4, 5, and 7; and

6.   Broaddus need not answer Interrogatory 6.

**IT IS FURTHER ORDERED** that all parties must adhere to the following Confidentiality Order:  The materials produced will be used only for this case and for no other purpose.  They may not be disclosed to any other person, save for any expert who may read and consider them for purposes of rendering an opinion.  The expert may not disclose the information to anyone else.  At the close of this litigation, all information produced, and all copies thereof, are to be returned by Plaintiff and Plaintiff's counsel.  The records may not be disclosed to any business competitor of Defendants.

**IT IS FURTHER ORDERED** that Defendants shall pay Simmons' reasonable expenses and attorneys' fees in bringing this motion.  Simmons shall submit an affidavit as to the amount of such expenses and fees, within 14 days of the date of this Order.

Lorenzo F. Garcia
United States Magistrate Judge

18