IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.J. SIMMONS, INC.,

        Plaintiff,

  vs.                                                        No. CIV 99-1105 JP/LFG

F. BRIAN BROADDUS and
B/R/ ENERGY PARTNERS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court on an Emergency Motion by Phoenix Energy Consulting Services, Inc. ("Phoenix") for Limited Intervention Regarding Production of Documents by Defendants [Doc. 110], and Phoenix's Emergency Motion for Protective Order [Attached as Ex. A to Doc. 110]. Plaintiff D.J. Simmons, Inc. ("Simmons") filed a response to both motions [Doc. 116], and Phoenix filed a reply [Doc. 117]. The motions are fully briefed and ready for ruling. Oral argument is not necessary.

      Phoenix asserts that, although it is not a party, it seeks limited intervention to protect its confidential and proprietary business information, consisting of its customer list. The Court finds it appropriate to grant limited intervention to Phoenix for purposes of submitting the motion for a protective order. However, because the protection requested can be accommodated by the existing confidentiality order in this case, Phoenix's motion for a protective order will be denied.

      Before addressing the merits, the Court directs the parties to consult Local Rule D.N.M.LR-

Civ. 83.3, providing for admission of non-resident attorneys. The motion for intervention and the motion for protective order were filed herein by Jonathan E. Shook of Shook & Downes in Tulsa, Oklahoma. Mr. Shook is not a resident of the District of New Mexico and thus may only participate in this action if he associates with a resident member of the Federal Bar in this District, or applies to practice in accordance with D.N.M.LR-Civ. 83.2. If he associates with local counsel, it is the resident attorney, not Mr. Shook, who must sign the first pleading on behalf of a new party. Thus, his submission of these motions, without associating with resident counsel, violates local rules and is technically ineffective. The fact that Mr. Shook is the law partner of Sean P. Downes, who represents Defendants F. Brian Broaddus ("Broaddus") and B/R Energy Partners, Inc. ("B/REP") in this case, is irrelevant for purposes of Rule 83.3.

The Court could therefore deny either or both of these motions on the procedural basis that they were improperly filed. However, this case has been beset with numerous discovery delays already, due in principal part to the recalcitrance of Defendants Broaddus and B/REP in producing discovery as requested. The Court finds that the interests of all parties will be best be served by allowing the limited intervention Phoenix requests, and deciding the motion for protective order on the merits.

Phoenix asks that the Court modify its earlier confidentiality order [Doc. 109], filed in response to Simmons' second motion to compel discovery, to allow for redaction by Phoenix of its confidential customer names. That confidentiality order reads as follows:

> The materials produced will be used only for this case and for no other purpose. They may not be disclosed to any other person, save for any expert who may read and consider them for purposes of rendering an opinion. The expert may not disclose the information to anyone else. At the close of this litigation, all information produced, and all copies

> thereof, are to be returned by Plaintiff and Plaintiff's counsel.  The records may not be disclosed to any business competitor of Defendants.

Memorandum Opinion and Order Granting Plaintiff's Second Motion to Compel [Doc. 109, at 18].

Phoenix argues that "it will be harmed by Defendants['] production of the documents disclosing its customers in that the disclosure of such information within the gas marketing industry would put Phoenix at a competitive disadvantage relative to its industry peers."  Because the confidentiality order already in force in this case prohibits any party from disclosing this discovery information to any other person, aside from retained experts who are also under confidentiality restrictions, Phoenix's stated interest in avoiding competitive disadvantage is protected.  The Court has already found that discovery materials at issue in this motion are relevant to the claims and defenses in this case, and the balance weighs in favor of disclosure, given the fact that Phoenix's business interests are already protected.

The Court notes also that Phoenix, in its motion, states that "It is further believed by Phoenix that one or more of its customers who are affected by the Court's Order would also object to the disclosure of such information."  Because Phoenix's customers will also be protected by the confidentiality order, Mr. Shook and Mr. Downes are advised that the Court will not look kindly on future motions to intervene and for protective orders by any such customers.  Broaddus and B/REP are under order of this Court to produce the information detailed in Simmons' second motion to compel; failure to do so may result in further sanctions.

IT IS THEREFORE ORDERED that the Emergency Motion by Phoenix Energy Consulting Services, Inc. for Limited Intervention Regarding Production of Documents by Defendants [Doc. 110] is granted, and the accompanying Emergency Motion for Protective Order by Phoenix Energy Consulting Services, Inc. [Ex. A to Doc. 110] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge