IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.J. SIMMONS, INC.,

        Petitioner,

vs.                                        No. CIV 99-1105 JP/LFG

F. BRIAN BROADDUS and
B/R ENERGY PARTNERS, INC.,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS [1]

THIS MATTER comes before the Court on D.J. Simmons, Inc.'s ("Simmons") Emergency Motion for Sanctions Under Federal Rule of Civil Procedure 26(g) and Federal Rule of Civil Procedure 37(b) [Doc. 112]. Defendants F. Brian Broaddus ("Broaddus") and B/R Energy Partners, Inc. ("B/REP") served a response, and the package was filed without a reply. The Court considers the motion to be fully briefed and ready for ruling. For the reasons given below, the Court recommends that the motion be granted.

This contentious case, still in the discovery stage, has generated a voluminous case file and has compelled the Court to devote an extraordinary amount of time to discovery issues, far beyond

---

[1] Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b), file written objections to such recommendation. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

what one would expect in litigation of this nature. At the heart of the case is a dispute over the proper accounting and payment allegedly due Simmons under purchase and sales agreements for liquid gas products. Simmons alleges that "Broaddus has absconded with approximately One Million Four Hundred Thousand Dollars of Simmons' money." [Doc. 113, at 24].

As documented in earlier orders of the Court, Defendant Broaddus engaged in a pattern of resistance and recalcitrance in his responses to discovery requests in this case. He has been sanctioned and admonished for this behavior, but he continues to disregard his discovery obligations under the Rules of Civil Procedure and, for the most part, ignores the orders and directives of the Court concerning the production of documents. His statement, for example, that "Defendants undertook to respond to each and every request [for production of documents] mindful of their obligations under the Federal Rules of Civil Procedure and with particular consideration for the prior discovery related orders of the Court in this proceedings" [Doc. 115, at 5], is simply belied by the record.

The present dispute arises from Defendants' responses to Plaintiffs' Requests for Production. Simmons originally filed this suit in New Mexico state court, and on September 29, 1999, Defendants removed it to federal court on the basis of diversity jurisdiction. Prior to removal, Simmons served discovery requests on both Defendants. These requests were deemed served in the federal action on the date of the Rule 16 scheduling conference, with responses due in December 1999. This date was extended, and shortly before the January 2000 deadline, Defendants' counsel faxed and mailed Defendants' responses.

The responses, served on January 18, 2000, consisted of general objections based on lack of personal jurisdiction over Broaddus, as well as more specific objections to particular interrogatories

on such grounds as overbreadth, irrelevance, undue burden, and confidentiality. In response to discovery motions prompted by these responses, the Court stayed all discovery except for that pertaining to personal jurisdiction, set a March 31, 2000 deadline for submitting responses to the earlier discovery requests, and permitted Simmons to take the deposition of Defendant Broaddus for the purpose of eliciting information relating to the jurisdictional issue.

On March 31, 2000, Broaddus' counsel faxed his supplemental responses to the discovery requests; in these responses, Broaddus refused to answer numerous requests on grounds they dealt with matters beyond the scope of the issue of personal jurisdiction. In addition, Broaddus refused to answer numerous questions relevant to Simmons' jurisdictional claims. On Simmons' motion for sanctions and contempt arising from these discovery responses and proceedings, the Court agreed that Broaddus' objections to answering were not justified, that he had engaged in a pattern of avoiding discovery obligations, and that his conduct was sanctionable. The Court found that "Broaddus effectively waived the defense of lack of personal jurisdiction by engaging in obstructive tactics and impeding discovery into information relevant to the issue of personal jurisdiction" [Doc. 81, at 20], and on July 27, 2000, ordered that Broaddus be deemed to have submitted himself to the *in personam* jurisdiction of the Court [Doc. 82].

Following various misunderstandings involving discovery deadlines and resolution of an additional motion for sanctions, the Court entered an order on January 26, 2001 formally lifting the stay of discovery and setting new case management deadlines. On February 2, 2001, Simmons served renewed sets of interrogatories and requests for production, to which Defendants served responses on March 7, 2001. On April 26, 2001, in response to Simmons' request for clarification of the January 26 ruling, the Court entered an order stating that, with the lifting of the stay, the discovery

process was intended to start anew. This meant that the parties would be entitled to raise objections to the new discovery on different or additional grounds from those raised prior to the stay, even if the new discovery requests were identical or similar to those submitted earlier.

On April 13, 2001, Simmons filed its second motion to compel production of documents and answers to interrogatories, arguing that the responses were inadequate. The Court agreed, and on July 10, 2001 ordered Defendants to answer certain interrogatories more fully. The Court also entered the following order with respect to Simmons' requests for production:

> Within 7 days of this Order, Defendants must designate an appropriate time and place for Simmons' inspection, without conditions other than the confidentiality restrictions set forth below, of all documents described in Plaintiff's Request for Production of Documents.

[Doc. 109, at 18]. Defendants served responses to the requests for production on July 23, 2001.

The current motion for sanctions was prompted by Simmons' belief that Defendants' responses to the requests for production were inadequate, even, perhaps, fraudulent. Simmons received some documents in response to the Requests; however, Defendants also served a "Supplemental Response to Plaintiff's Request for Production," in which they stated, with respect to 28 specific requests, that no documents exist which satisfied the requests.

Simmons contends that these responses are inherently incredible, because Defendants made no claim, in their earlier responses, that the responsive documents did not exist. Rather, in their March 7, 2001 responses to these Requests for Production, and in much earlier responses to the first set of Requests served on Defendants in September 1999, Defendants objected to production of these items on grounds that the requests were overly broad or that they sought irrelevant or confidential information. There was no hint in these earlier responses that the documents did not exist; instead,

4

the thrust of the answers was that responsive documents did exist, but Defendants would not produce them for the reasons stated in the objection.

If indeed there are no documents responsive to the requests, the Court cannot force Defendants to produce them. Thus, no new order to produce is appropriate. However, the Court agrees that Defendants' earlier answers were misleading and appear to have been submitted solely for the purpose of obfuscation, delay and interference with the discovery process. The Court finds that Defendants should be sanctioned for their unconscionably long delay in ascertaining whether documents exist that would be responsive to the Requests. In addition, the Court agrees with Simmons that "it more than strains credulity for Broaddus to respond that he has no documents concerning (1) assets owned or controlled by him from December 1995 to the present (Req. 49) or [2] has no personal books or records from December 1995 to the present (Req. 55)." [Doc. 113, at 22]. Acceptance of that representation from a successful businessman involved in the transactions which are the subject of this lawsuit, requires a "willing suspension of disbelief."[2] It simply is not reasonable to believe that Broaddus has no personal records or books, nor documents concerning assets he owns.

The Court finds that Defendants failed to comply with the July 10, 2001 order of the Court [Doc. 109], which directed them to produce all documents described in Plaintiff's request for production of documents. Defendants have engaged in a "dilatory and uncooperative attitude" toward both the legitimate discovery requests of the opposing party and toward the Court's orders in this litigation, *see*, Devore & Sons, Inc. v. Aurora Pacific Cattle Co., 560 F. Supp. 236 (D. Kan.

---

[2]This phrase, introduced by Samuel Coleridge in Ch. XIV of Biographia Literaria, describes a voluntary withholding of skepticism on the part of a reader with regard to incredible events. John A. Cuddon, A Dictionary of Literary Terms and Literary Theory 1044 (3d ed. 1991).

1983), and have placed unnecessary financial burdens on Simmons and subjected all parties and the Court to "slow-paced and obstacle-laden discovery." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1460 (10th Cir. 1988).

Under the five-part test set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), the Court finds that Defendants have caused actual prejudice to Simmons in preparation of its case, that they have interfered with the judicial process in that an inordinate amount of the time and resources of the Court have been devoted to consideration of Simmons' repeated requests for help in extracting information from Defendants, and that Defendants' behavior cannot be justified in the name of zealous advocacy or ordinary litigation tactics. Defendants have been warned that any further recalcitrance will be met with sanctions. Once again, a sanctions order is appropriate. The Court has imposed lesser sanctions to no avail and concludes that Defendant Broaddus' conduct in reference to discovery obligations is not likely to change unless a more serious sanction is imposed. Under Fed. R. Civ. P. 37(b)(2), the Court may in its discretion order that certain matters shall be taken to be established for purposes of the action, and that the disobedient party shall not be allowed to support designated defenses. The Court recommends that the request of Defendants regarding these sanctions be granted.

**Recommended Disposition**

    1. That Simmons' Emergency Motion for Sanctions [Doc. 112] be granted;

    2. That, as an appropriate sanction, the following facts be taken as established for the purposes of this action:

        a. B/R Energy Partners, Inc. is the alter ego of F. Brian Broaddus, and

        b. F. Brian Broaddus is personally responsible for the acts and omissions of B/R Energy Partners, Inc.

3. That Defendants pay Simmons' reasonable expenses and attorneys' fee in bringing this motion.

_____
Lorenzo F. Garcia
United States Magistrate Judge