IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. J. SIMMONS, INC.,

    Plaintiff,

vs.                                                                  Civ. No. 99-1105 JP/LFG

F. BRIAN BROADDUS and
B/R ENERGY PARTNERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 7, 2001, the Plaintiff filed an Emergency Motion for Sanctions Under Federal Rule of Civil Procedure 26(g) and Federal Rule of Civil Procedure 37(b) (Doc. No. 112). The Emergency Motion for Sanctions concerned Plaintiff's requests for production of documents originally served before this case was removed from state court to federal court in September 1999. The Defendants first served responses to those requests for production of documents on January 18, 2000. The responses consisted of general objections based on lack of personal jurisdiction over Defendant Broaddus as well as objections based on overbreadth, irrelevance, undue burden, and confidentiality. Magistrate Judge Garcia subsequently stayed all discovery except for discovery pertaining to the issue of personal jurisdiction over Defendant Broaddus. On July 27, 2000, Judge Garcia sanctioned the Defendants by finding that Defendant Broaddus was deemed to have submitted himself to personal jurisdiction.

On January 26, 2001, Judge Garcia lifted the stay of discovery. On February 2, 2001, the Plaintiff served renewed sets of interrogatories and requests for production. The Defendants served responses to those requests for discovery on March 7, 2001. On April 13, 2001, the

Plaintiff filed a second motion to compel arguing that the Defendants' responses were inadequate. On April 26, 2001, Judge Garcia clarified his January 26, 2001 ruling by stating that discovery should be started anew and that the parties could raise objections to the new discovery on different or additional grounds from those raised prior to the stay even if the new discovery requests were identical or similar to those submitted earlier.

On July 10, 2001, Judge Garcia ordered the Defendants to designate a time and place for the Plaintiff to inspect the requested documents. On July 23, 2001, the Defendants served Defendants' Supplemental Response to Plaintiff's Request for Production. The Plaintiff then filed the Emergency Motion for Sanctions because the Defendants' Supplemental Response stated that, with respect to 28 specific requests, no documents existed. Judge Garcia found it incredulous that the Defendants now claimed that those documents did not exist. On November 1, 2001, Judge Garcia recommended granting the Plaintiff's Emergency Motion for Sanctions and as sanctions recommended that the following facts be taken as established: 1) Defendant B/R Energy Partners, Inc. is the alter ego of Defendant Broaddus; and 2) Defendant Boraddus is personally responsible for the acts and omissions of Defendant B/R Energy Partners, Inc. Magistrate Judge's Proposed Findings and Recommended Disposition on Plaintiff's Emergency Motion for Sanctions (Doc. No. 135). Judge Garcia also recommended that the Defendants pay the Plaintiff's reasonable expenses and attorneys' fees incurred in bringing the Emergency Motion for Sanctions. *Id*. On November 8, 2001, the Defendants filed Defendants' Objections to Proposed Findings and Recommended Disposition of United States Magistrate Judge (Doc. No. 138).

On January 29, 2002, I entered an Order (Doc. No. 142) requiring Defendants' counsel, Sean Downes, to file an affidavit describing the manner in which the Defendants searched for the allegedly nonexistent documents. On February 15, 2002, Mr. Downe's filed his affidavit as required. On February 26, 2002, a pretrial conference was held in this case. Attorneys Richard Gerding and Frank Honea represented the Plaintiff. John Byrom and Jeff Parkes were present as the corporate representatives for the Plaintiff. Attorneys Sean Downes, Stephen Ingram, and Ronald Fano represented the Defendants. As a result of the pretrial conference, the Plaintiff was ordered to file and serve by March 15, 2002 a brief containing supplemental information on documents it believed the Defendants should have located. The Defendants had until March 20, 2002 to respond to that brief. The parties did indeed submit their supplemental briefs.

Having reviewed the briefs and evidence submitted by the parties regarding the Defendants' objections to Judge Garcia's recommended sanctions and having made a *de novo* determination of those portions of the Magistrate Judge's Proposed Findings and Recommended Disposition to which Defendants' objected, the Court finds the objections to be without merit. The Court further finds that the Magistrate Judge's Proposed Findings and Recommended Disposition should be adopted and that the Plaintiff's Emergency Motion for Sanctions should be granted.

IT IS ORDERED that:

1. the Magistrate Judge's Proposed Findings and Recommended Disposition on Plaintiff's Emergency Motion for Sanctions (Doc. No. 135) is adopted;

2. the Plaintiff's Emergency Motion for Sanctions Under Federal Rule of Civil Procedure 26(g) and Federal Rule of Civil Procedure 37(b) (Doc. No. 112) is granted;

3. it is established fact that Defendant B/R Energy Partners, Inc. is the alter ego of Defendant Broaddus;

4. it is established fact that Defendant Broaddus is personally responsible for the acts and omissions of Defendant B/R Energy Partners, Inc.;

5. the Plaintiff will be awarded the reasonable expenses and attorneys' fees it incurred in bringing the Emergency Motion for Sanctions (Doc. No. 112) ;

6. the Plaintiff must serve and file by April 30, 2002 an itemization of the reasonable expenses and attorneys' fees it expended in bringing the Emergency Motion for Sanctions (Doc. No. 112); and

7. the Defendants will have until May 10, 2002 to serve and file a response to the Plaintiff's itemization of reasonable expenses and attorneys' fees.

_____
CHIEF UNITED STATES DISTRICT JUDGE